METHODIST SOCIETY OF GEORGETOWN *vs.* STURGES BENNETT AND OTHERS.

Land was conveyed to certain trustees, " in trust for the members of the Methodist Protestant Church of G.," to be holden " by them and their successors in office for said church forever, to the proper use and behoof of said church, agreeably to the Methodist Protestant Church Discipline." The Book of Discipline provided for the election of trustees for each church, and made it their duty " to hold the property of individual churches in ·trust for the use and benefit of the members thereof," with power, when authorized by two-thirds of the male members over twenty-one years of age, to dispose of property so held, but on no other condition. Held that the legal title did not vest in the church as a corporation.

DISSEIZIN ; brought to the Superior Court and tried to the jury on the general issue, before *Minor, J.* Plaintiffs non-suited ; a motion to set aside the non-suit refused and the case brought before this court by a motion in error by the plaintiffs. The case is sufficiently stated in the opinion.

*Sanford* for the plaintiffs, cited *Bacon* v. *Taylor*, Kirby, 368 ; *Barrett* v. *French*, 1 Conn., 354 ; *Bryan* v. *Bradley*, 16 id., 474 ; *Griswold* v. *Allen*, 22 id., 98 ; 2 Washb. R. Prop., 373, 380, 383, 424, 428 ; Perry on Trusts, § 298 ; *Tyrrel's case*, Dyer, 155 ; *Johnson* v. *Johnson*, 7 Allen, 196 ; *People* v. *Fulton*, 1 Kernan, 94 ; *Robertson* v. *Bullions*, id., 243, 250, 266 ; *North Hempstead* v. *Hempstead*, 2 Wend., 109.

*Averill* and *Child* for defendants.

BUTLER, C. J. The non-suit was properly granted in this case, for the plaintiffs showed no title which would authorize a verdict in their favor.

The title to the property in question was conveyed to the defendants and another " as trustees, and in trust for the members of the Methodist Protestant Church or Society in the village of Georgetown," to be holden " by them and their successors in office for said church or society forever, to the proper use and behoof of said church, agreeably to the rule given in said Methodist Protestant Church Discipline."

It is an elementary rule that deeds are to be construed so as to effectuate the intention of the parties, and it is very clear that the parties to this deed did not intend that the legal title should ever vest in the church or society as a corporation, but should remain in trust forever.

The Methodist Church referred to in the deed, agreeably to whose rules the property was to be holden by the trustees, was organized in 1830 at a general convention of delegates from associations or societies, as they were then called, who had seceded from the Methodist Episcopal Church, because of their dislike to episcopacy. The convention adopted a name, constitution and discipline. This constitution recognized each particular church or society which held to the principles of religious truth embraced by the association as an independent body in respect to their property, and to be admitted as a member of the association at their request, upon adopting the constitution and Book of Discipline. The Book of Discipline provided for the election of trustees for each individual church or society, and made it their duty " *to hold the property of individual churches in trust for the use and benefit of the members thereof.*" It provided also for the filling of vacancies by them *as a board*, and also recommended that the deeds to trustees should authorize them to remain in office till others were elected in their place. It further provided that the trustees should hold periodical meetings and keep a fair and regular record of all the transactions of their board in a book which should be open to the inspection of the members of the church ; that they should take care of the church premises

and property, furniture, burial-grounds, etc.; and that they should have power, when authorized by two-thirds of the male members over the age of twenty-one years, to purchase, build, repair, lease, sell, rent, mortgage or otherwise procure or dispose of property, and on no other condition or conditions whatever. The Methodist Protestant church or society of Georgetown was received into the General Association, adopted its constitution and discipline, and the provisions I have referred to in relation to trustees became obligatory upon its members, and constituted the rule referred to in the deed.

It is apparent that this rule or these provisions did not contemplate the vesting of any legal title in the church or society as a corporation, but the contrary. In the first place it is made the duty of the trustees—a continuing duty—to hold the property of individual churches in trust for the use and benefit of *the members* thereof. In the next place, it is recommended that the trustees be authorized by the deed to hold till successors were elected. In the third place, that they should hold *as a board*, and keep a record; that they should take care of the church property, furniture, &c; and that they should make no disposition of the property unless authorized by a two-thirds vote of the male members of the church or society.

All these provisions are incompatible with the idea of a use to be executed by the statute of uses, in a corporate body. Moreover the church or society was not then a corporation, and did not become so for more than eight years thereafter. And an attempted exercise of corporate power by a statute majority, would be utterly inconsistent with the rule of the deed which requires the concurrence of two-thirds of the members, and contemplates the title in the trustees.

It is claimed, on the authority of some cases in New York, that the trustees were officers of the society, and that the conveyance to them vested the property in the society. To this it may be answered,—1st. That the plaintiffs were not a corporation when the deed was executed and delivered.—2d. That the ordinary officers of religious societies in New York, who correspond to the committees of our ecclesiastical societies, are called trustees, and that to make the cases in point they

should have a case where the conveyance was made to a *statutory committee* of the society.

The claim is clearly untenable. These trustees are officers of the church, are independent of the society's committee, and have nothing to do with the collection for paying ministers and the expenses of the church. That is the duty of still another class of officers provided for in the Discipline, called station stewards.

We need not inquire whether the defendants in this case retained the legal title originally conveyed to them, or whether it passed to successors by reason of their change of faith or otherwise ; it is enough that it could not pass to the plaintiffs as a corporation and that they show no title in the property.

Nor do we deem it necessary to consider the other questions raised in the case. Most of them are questions of fact which would have gone to the jury if the plaintiffs had shown a *primâ facie* title.

For these reasons we think there is no error in the record.

In this opinion the other judges concurred.